# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| KRISTINE ANN LIEVEN,<br><br>      Plaintiff,<br><br>v.<br><br>RICKY PERSON, C.O. HERNANDEZ, TANYA TILOT, and BELINDA ERNSTING,<br><br>      Defendants. | Case No. 18-CV-1812-JPS<br><br>**ORDER** |

  Plaintiff, having been released from prison, was directed to file a renewed motion to leave to proceed *in forma pauperis*. (Docket #9). She did so on January 14, 2019. (Docket #11). In order to allow a plaintiff to proceed without prepaying the $400 filing fee in this matter, the Court must first decide whether the plaintiff has the ability to pay the fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. §§ 1915(a), (e)(2)(B). On the question of indigence, although Plaintiff need not show that she is totally destitute, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), it must be remembered that the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

  Plaintiff's motion states that she is unemployed and receives only $200 per month in income from an undisclosed source. Her monthly expenses exceed $400. Plaintiff explains that she lives in a homeless shelter and is pursuing social security disability benefits. In light of these

representations, the Court finds that Plaintiff is indigent for purpose of prepaying the filing fee. She will, therefore, be granted leave to proceed *in forma pauperis*. Her original motion seeking such relief will be denied as moot. (Docket #2).

Notwithstanding the payment of any filing fee, however, when a plaintiff seeks leave to proceed *in forma pauperis*, the Court must screen the complaint and dismiss it or any portion thereof if it has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary to plead specific facts; rather, the plaintiff's statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Plaintiff's allegations span roughly from June to November 2017, while she was incarcerated at Robert E. Ellsworth Correctional Center. (Docket #1 at 2). As best the Court can tell, the general themes of Plaintiff's allegations are her complaints about an AODA program she participated in, and her dissatisfaction with the level of medical care she received. *See id.* at 2–7. However, not only is Plaintiff's prose difficult to follow generally, it is not clear that the pages of her complaint are in the proper order. The complaint contains *five* separate pages labeled as "Complaint – 3." *Id.* at 3–7. The Court cannot discern what the correct order of these pages should be. Perhaps a page is missing as well; the last line of the second page does not seem to match up with the first line of any of the "third" pages.

Thus, the Court must order Plaintiff to submit an amended complaint which gives appropriate page numbers to each page of her pleading. For her benefit, the Court will also offer some additional observations in light of the allegations it *could* make sense of. First, only related claims may be brought together in a single case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). In other words, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* It is not clear how Plaintiff's claims about the AODA program and her medical care are factually related. Plaintiff also mentions a concern about being threatened by another inmate; the Court does not understand how that fits into this

case either. It seems that Plaintiff is attempting to bring unrelated claims against unrelated defendants together in one suit, but the Court will be able to fully evaluate this issue once an amended complaint is received.

Second, Plaintiff alleges violations of laws that do not apply to her case. For instance, Plaintiff claims that Defendants' conduct violated "state and local laws," without defining what those are, "DOC policy and procedures," which do not provide her any right to sue, and HIPAA, which similarly provides no private right of action. *Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011). The Constitution and its amendments are the most likely source of Plaintiff's rights, so she should try to relate her allegations to one or more of the amendments, if any apply.

Finally, Plaintiff seeks relief that is unavailable in this proceeding. Plaintiff suggests that her participation in the AODA program may have led to a reduction in her sentence. She requests that, among other things, the Court grant her credit a certain amount of time towards her sentence, as well as providing damages for "each extra day [she] spent on prison grounds[.]" (Docket #1 at 8). A petition for a writ of habeas corpus is the only method by which a state prisoner can seek relief in federal court related to the fact or duration of their confinement. *Whitfield v. Howard*, 852 F.3d 656, 661, (7th Cir. 2017). This rule extends to suits seeking damages which would imply the invalidity of the person's confinement. *Id.* Plaintiff should not include allegations which violate this rule in her amended complaint.

Plaintiff's amended complaint must be filed no later than **February 8, 2019**. If she does not file an amended complaint, this action will be dismissed. Plaintiff should be aware that an amended complaint supersedes the prior complaint and must be complete in itself without

reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the Seventh Circuit emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted); *see also Pintado v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'") (quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006)).

Accordingly,

**IT IS ORDERED** that Plaintiff's renewed motion for leave to proceed *in forma pauperis* (Docket #11) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's original motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that on or before **February 8, 2019,** Plaintiff shall file an amended pleading or this action will be dismissed.

Dated at Milwaukee, Wisconsin, this 18th day of January, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge