# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

KRISTINE ANN LIEVEN,

             Plaintiff,

v.

RICKY PERSON, TANYA TILOT,
BELINDA ERNSTING, and DR. MISO
MILOSLAVIC,

             Defendants.

Case No. 18-CV-1812-JPS

**ORDER**

    Plaintiff Kristine Ann Lieven proceeds in this matter *pro se*. She filed a complaint alleging that Defendants violated her constitutional rights. (Docket #1). On January 18, 2019, the Court screened her complaint and, finding that it was not viable, ordered Plaintiff to file an amended complaint. (Docket #12). She did so on February 8, 2019. (Docket #13). The Court now turns to screening the amended complaint. All of the same standards for screening announced in the Court's original screening order, (Docket #12 at 2–3), apply here.

    Plaintiff alleges that from June to November 2017, while she was incarcerated at Robert E. Ellsworth Correctional Center, Defendant Ricky Person ("Person") harassed her about her use of a walker while she participated in the AODA program run by Person. (Docket #13 at 3–8). Plaintiff claims that Person "manipulated me into believing if I used my walker he would not allow me to graduate[.]" *Id.* at 4. This included a number of direct confrontations between her and Person where he hassled her about the walker while refusing to take notice of medical orders stating

that Plaintiff was allowed to use it. *See id.* at 4–6. Plaintiff says that Defendants Tanya Tilot ("Tilot") and Belinda Ernsting ("Ernsting") knew of Person's conduct and did not stop it. *Id.* at 6. Finally, Plaintiff mentions Defendant Dr. Miso Miloslavic ("Miloslavic") only twice: once in the context of a conversation with Person, and the other by conclusorily stating that Miloslavic improperly failed to respond to a request for medical treatment. *Id.* at 5, 7.

Plaintiff may proceed on only one claim in this matter. Her allegations about her disability and her participation in the AODA program implicate the Americans with Disabilities Act ("ADA") and the Rehabilitation Act. Those two statutes prohibit discrimination against qualified individuals because of their disability, which can include a failure to accommodate. *Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 671 (7th Cir. 2012). Because the relief available under both statutes is the same, and because Plaintiff "can have but one recovery," the Court "may dispense with the ADA and the thorny question of sovereign immunity." *Id.* at 671–72 (citations omitted).

To state a claim under the Rehabilitation Act, a prisoner must usually allege that: (1) she is a qualified person, (2) with a disability, and (3) the Department of Corrections denied her access to a program or activity because of her disability. *Id.* at 672. It is not clear whether Plaintiff was entirely denied access to the AODA program, or whether she was instead discriminated against in her access to the program on the basis of her disability. The Rehabilitation Act supports both intentional discrimination and failure-to-accommodate claims. *Reed v. Columbia St. Mary's Hosp.*, No. 17-1469, 2019 WL 494073, at *8–9 (7th Cir. Feb. 8, 2019). At this stage, the Court cannot say which is most appropriate.

In either event, Plaintiff's allegations state a viable Rehabilitation Act claim in light of the generous standard of review applied at the screening stage. She says that she has medical orders allowing her to use a walker, and that Person discriminated against her and attempted to deny her access to the AODA program because of her disability. The proper defendant for such a claim is not Person, however. "[E]mployees of the Department of Corrections are not amenable to suit under the Rehabilitation Act[.]" *Id.* at 670. The court will, therefore, allow the plaintiff to proceed against the superintendent of the institution, Paula Stoudt, in her official capacity.

All other putative claims and defendants must be dismissed. Person's harassing conduct, while not laudable, does not rise to the level of a violation of Plaintiff's Eighth Amendment right to be free of cruel and unusual punishment. *Budd v. Motley*, 711 F.3d 840, 842 (7th Cir. 2013) (adverse prison conditions implicate the Eighth Amendment only when they are sufficiently serious that they deny a prisoner "the minimal civilized measure of life's necessities") (quotation omitted). Plaintiff mentions that Person also slapped her hand once, but this is not sufficiently serious to implicate a claim of excessive force under the Eighth Amendment. *Lewis v. Downey*, 581 F.3d 467, 475 (7th Cir. 2009) ("The use of *de minimis* force, so long as it is not of a sort repugnant to the conscience of mankind, is not of Eighth Amendment concern.") (quotation omitted). Neither Tilot nor Ernsting may be liable for the alleged constitutional violations of others, *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), and in any event, Person did not violate Plaintiff's constitutional rights. Finally, Plaintiff barely mentions Miloslavic, and only in conclusory terms. Further, any claim against Miloslavic is not related to her Rehabilitation Act claim against the DOC. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

In sum, Plaintiff will be allowed to proceed on the following claim: the failure to accommodate Plaintiff's disability, and intentional discrimination on the basis of Plaintiff's disability, in violation of the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, against Paula Stoudt in her official capacity.

Accordingly,

**IT IS ORDERED** that Defendants Ricky Person, Tanya Tilot, Belinda Ernsting, and Dr. Miso Miloslavic be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that Paula Stoudt, in her official capacity as superintendent of the Robert E. Ellsworth Correctional Center, be and the same is **SUBSTITUTED** as a defendant in this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this court, copies of Plaintiff's amended complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on defendant; and

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this court, defendant shall file a responsive pleading to the amended complaint within sixty days of receiving electronic notice of this order.

Dated at Milwaukee, Wisconsin, this 22nd day of February, 2019.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge